UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF CHICAGO, et al.,<br><br>    Defendants. | No. 15 CV 3859<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodney Harris claims that, when he was 15 years old, two Chicago police officers coerced him into confessing to crimes he did not commit, and a Cook County assistant state's attorney participated in procuring the false confession. Plaintiff pled guilty on advice of counsel and was sentenced to 15 years in prison. The conviction was eventually overturned and all charges were dropped, but not before plaintiff spent more than eight years in custody. Now a free man, plaintiff seeks to right the wrongs allegedly committed by these law enforcement officials.

Plaintiff's six-count complaint, which he brings under 42 U.S.C. § 1983, claims the individual defendants substantively violated his fifth- and fourteenth-amendment rights, conspired to do the same, and failed to intervene along the way. Plaintiff also claims the City of Chicago should be held liable for tolerating the police department's custom and practice of coercing young suspects into giving false confessions.

The City and the prosecutor have moved under Rule 12(b)(6) to dismiss all claims against them. For the following reasons, the City's motion is granted, and the ASA's motion is granted in-part and denied in-part.

I. **Legal Standard**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [the court] accept[s] the well-pleaded facts in the complaint as true . . . ." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). The plausibility test does not permit a court to disregard factual allegations simply because they seem unlikely. *Firestone Financial Corp. v. Meyer*, — F.3d —, 2015 WL 4720281, *3 (7th Cir. Aug. 10, 2015).

II. **Background**

On June 14, 2001, defendant-investigators Elgin Reyes and Jack Collins allegedly took a 15-year-old Rodney Harris—the plaintiff in this case—to a Chicago police station, chained him to a wall, and coercively questioned him for 15 hours. [1] ¶¶ 10–12. Defendant Brian Sexton, a Cook County assistant state's attorney,

2

allegedly participated in the last 30 minutes of this interrogation, which resulted in plaintiff signing a false confession that Sexton, Reyes, and Collins knowingly fabricated. *Id.* ¶¶ 17, 20, 22, 51, 56, 61. Plaintiff signed the document, which he did not read, "because of the coercive nature of his interrogation, the failure to provide *Miranda* warnings, and a promise that if he signed the statement he would be allowed to go home." *Id.* ¶ 21.

Plaintiff was charged with two counts of aggravated criminal sexual assault. *Id.* ¶ 24. He pled guilty and was sentenced to 15 years in prison. *Id.* ¶ 35. In March 2010, the Illinois Court of Appeals reversed an order denying plaintiff's petition for post-conviction relief. *Id.* ¶ 40. The State's Attorney's Office dismissed all charges in 2013 and plaintiff was released. *Id.* ¶ 42. Altogether, plaintiff spent eight years and two months in prison for crimes he says he did not commit.

Plaintiff's six-count complaint claims defendants Collins, Reyes, and Sexton violated the Constitution by manufacturing the confession. Plaintiff also claims the City of Chicago is liable for this misconduct because it knowingly maintained and permitted the following widespread customs and practices (*id.* ¶ 74):

  a. Conducting unlawfully coercive interrogations of witnesses, suspects, and arrestees to obtain confessions and the false implications of others;

  b. Unlawfully manipulating juveniles and teenagers to falsely confess and falsely implicate others, including by using unlawful tactics;

  c. Fabricating false reports and false statements, and giving false testimony about interrogations, confessions, and witness statements;

d. Pursuing and obtaining prosecutions and imprisonments on the basis of false confessions obtained during the unlawful interrogations, and otherwise covering up the true nature of the interrogations, confessions, and witness statements; and

e. Failing to video and/or audio record interrogations.

Defendants Sexton and the City of Chicago have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint as to them.

### III. Analysis

The complaint alleges that: the individual defendants coerced plaintiff into incriminating himself in violation of the Fifth Amendment (Count I);[1] the same conduct shocks the conscience in violation of the due process clause of the Fourteenth Amendment (Count II); the individual defendants fabricated evidence (the confession) and police reports that caused the deprivation of plaintiff's liberty in violation of due process (Count III); the same defendants failed to intervene in the violation of plaintiff's constitutional rights (Count IV); they also conspired to violate plaintiff's constitutional rights (Count V); and the City maintained a widespread custom and practice of violating the Constitution that was the moving force behind plaintiff's injuries (Count VI).

---

[1] Although labeled a fifth-amendment claim, Count I is more accurately called a fourteenth-amendment claim, because the former amendment is made applicable to the states by the latter. *Chavez v. Martinez*, 538 U.S. 760, 766 (2003).

### A. Defendant Sexton's Motion to Dismiss

#### 1. *Absolute Immunity* [2]

Sexton first argues that all claims against him should be dismissed with prejudice because they "arise solely out of actions he undertook as a Felony Review assistant state's attorney in the initiation of charges in the state's criminal prosecution of Plaintiff." [19] at 2. A prosecutor is absolutely immune from suit for prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). "Whether or not an action falls within the scope of his prosecutorial duties depends upon its function." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). Absolute immunity "encompasses any action directly relevant to a prosecutor's ability to conduct a trial." *Id*. Nevertheless, there exists a difference "between [the prosecutor's] role in evaluating evidence and interviewing witnesses as he prepares for trial . . . and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested . . . ." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Sexton argues that—once stripped of its conclusory assertions of "investigative capacity" and the like—the complaint alleges that he did nothing more than memorialize plaintiff's statement and evaluate the evidence. Such conduct would not be actionable, of course. *See, e.g.*, *Nicole Harris v. Chicago*, 2015

---

[2] Sexton first asserted qualified immunity in his reply brief, and the entire argument consisted of one sentence: "Moreover, ASA Sexton is also entitled to qualified immunity as there is no clearly established constitutional right to have an Assistant State's Attorney intervene in the actions of a police officer." [27] at 5. This unsupported argument is both late and undeveloped, and as such it is forfeited as a basis for dismissal at this stage of the case. *See Billhartz v. C.I.R.*, 794 F.3d 794, 801 n. 4 (7th Cir. 2015); *Arlin–Golf, LLX v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011).

5

WL 1331101, *6 (N.D. Ill. March 19, 2015) (dismissing claims against prosecutors who merely listened to and memorialized plaintiff's statement). But the complaint in this case says more than Sexton suggests. Ignoring those bald assertions about Sexton being an investigator, *see, e.g.*, [1] ¶¶ 17, 59, 60, 64, 69, the complaint still provides enough factual content to support the inference that Sexton was acting as an investigator during the events in question.

Specifically, plaintiff alleges that Sexton participated in plaintiff's interrogation (¶ 17), he "fabricated" the false confession (i.e., the idea of it) (¶ 23), and he reduced the false confession to writing so plaintiff could sign it (¶ 22). In addition, the complaint can be liberally read to say that Sexton specifically precipitated the signing of the confession. *See id*. ¶ 20 ("Within approximately 30 minutes of Defendant Sexton's arrival Harris signed a statement without reading it."). Taken together, these allegations support the inference that Sexton actually generated false evidence that could support a charge, and thus was operating as an investigator and not a prosecutor. *See Fields v. Wharrie*, 740 F.3d 1107, 1113 (7th Cir. 2014); *see also Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) (evidence fabrication can constitute due process violation); *Lewis v. Mills*, 677 F.3d 324, 331 (7th Cir. 2012) (a showing that a prosecutor investigated and fabricated evidence against a target would automatically defeat absolute prosecutorial immunity).

Sexton also argues, in effect, that his alleged conduct took place during the prosecutorial (not investigatory) stage of the case, and therefore his conduct is

6

absolutely immune from challenge. The test for that distinction, however, is the presence (or absence) of probable cause, *see Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012); *Buckley*, 509 U.S. at 274, and, based on plaintiff's complaint alone, it is plausible that Sexton did not have probable cause at the time in question. The complaint alleges that plaintiff was charged after the interrogation, [1] ¶ 24, and therefore, Sexton's actions during the interrogation possibly occurred before there was probable cause to arrest. "Prosecutors do not function as advocates before probable cause to arrest a suspect exists," *Fields*, 672 F.3d at 512, and they cannot assert absolute immunity under those circumstances.

In sum, plaintiff's allegations suffice to defeat Sexton's argument for absolute immunity for the time being; however, additional facts about what Sexton actually did (and whether probable cause existed) may—down the line—belie plaintiff's claims that Sexton was wearing his investigator's hat during the interrogation.

### 2. *Failure to Intervene*

Sexton next argues that plaintiff's claim for failure to intervene fails because no such cause of action exists as against the State's Attorney or her assistants. Sexton cites a line of district court cases adopting this rule. *See Gordon v. Devine*, 2008 WL 4594354, *17 (N.D. Ill. Oct. 14, 2008); *Andrews v. Burge*, 660 F.Supp.2d 876 n. 6 (N.D. Ill. 2009); *Hobbs v. Cappelluti*, 899 F.Supp.2d 738, 773 (N.D. Ill. 2012). These courts reached this decision based primarily on the fact that neither the Seventh Circuit nor any Northern District of Illinois court had previously

7

applied this theory of liability. These three decisions were also influenced by the fact that prosecutors have neither police powers nor command of police operations.

More recently, several district courts have come out the other way. *See Saunders v. City of Chicago*, 2013 WL 6009933, *10 (N.D. Ill. Nov. 13, 2013); *Patrick v. City of Chicago*, 2014 WL 7204501, at *10 (N.D. Ill. Dec. 17, 2014); *Chatman v. City of Chicago*, 2015 WL 1090965, at *10 (N.D. Ill. March 10, 2015). These courts were influenced by the intervening *Whitlock* decision, in which—while addressing the kind of immunity a prosecutor has against a claim he manufactured evidence—the Seventh Circuit stated:

> The only question is whether a prosecutor who is acting in an investigatory capacity is subject to rules that are any different [from the rules a police officer is subject to]. We think not. A prosecutor who manufactures evidence when acting in an investigatory role can cause a due process violation just as easily as a police officer. The fact that the prosecutor who introduces the evidence at trial cannot be liable for the act of introduction, whether it is the same prosecutor who fabricated the evidence or a different prosecutor, is beside the point. It would be "incongruous," *Burns v. Reed*, 500 U.S. 478, 495 (1991), to hold a police officer liable for fabricating evidence but hold that the prosecutor has not committed any violation for taking the same action in the same capacity. In fact, the whole point of the Supreme Court's rule in *Buckley* is that the police and investigating prosecutors are subject to the same constraints.

682 F.3d at 580–81. I agree with plaintiff that, post-*Whitlock*, a prosecutor acting as an investigator can be held liable for failing to intervene.

Sexton argues that he, a non-officer, was powerless to prevent the officer defendants from violating plaintiff's constitutional rights. Direct physical intervention was not required, however. Instead, Sexton could have satisfied his duty to intervene by cautioning Reyes and Collins to stop, or by bringing the

8

situation to their supervisor's attention. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Finally, under the allegations of the complaint, Sexton could have plausibly intervened to prevent the false confession from being composed and signed sometime during his 30 minutes of participation. Simply because the officer defendants had already spent 15 hours with plaintiff does not mean there was nothing Sexton could do to stop the constitutional tort.

### 3. *Fifth Amendment Violation*

Sexton contends plaintiff's claim of compelled self-incrimination is time barred because it was filed outside the two-year limitations period. *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993). The violation in Count I is alleged to have taken place in 2001. *See* [1] ¶ 8. It would thus appear that plaintiff was several years too late when he filed in 2015. He offers two reasons why this isn't so.

First, plaintiff points out that Sexton has the burden to show that this defense applies. He argues Sexton failed to carry this burden because he did not prove the period was not tolled for some reason. Plaintiff is mistaken in this regard; although "the statute of limitations is an affirmative defense, the burden of establishing an exception thereto is on plaintiff." *Knox v. Cook County Sheriff's Police Dept.*, 866 F.2d 905, 907 (7th Cir. 1988). Sexton's failure to affirmatively address tolling in his opening brief is therefore not reason to deny his motion.

Second, plaintiff says his claim is timely under *Heck v. Humphrey*, in which the Supreme Court held that a § 1983 action that is inconsistent with a criminal

9

conviction does not accrue until the conviction is set aside. 512 U.S. 477, 489–90 (1994). Plaintiff argues that "the only evidence of [his] guilt was the false confession fabricated by defendants," and therefore a fifth-amendment claim would have "necessarily called into question his conviction and sentence." [25] at 9.

Plaintiff's argument fails in light of *Fanklin v. Burr*, in which the Seventh Circuit held in a non-precedential decision "[t]here is no necessary inconsistency between the propositions that (a) a conviction based on a guilty plea is valid, and (b) the police violated the accused's rights at the time of arrest or interrogation." *See* 535 Fed. App'x 532, 533–34 (7th Cir. 2013); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (claim that arresting officers violated Fourth Amendment accrued at the time of the arrest—not when the conviction was set aside—because the remedy of suppression did not necessarily prevent a valid conviction). Here, plaintiff's complaint makes clear that the alleged violation took place in 2001 and that his conviction was obtained through a guilty plea. Accordingly, under *Heck* and *Franklin*, the claim accrued in 2001 and expired well before this case was filed.[3] Sexton's motion is therefore granted on this claim.

---

[3] Although federal law governs the accrual of constitutional torts, state statutes of limitations and tolling doctrines apply once accrual has been determined. *Wallace v. City of Chicago*, 440 F.3d 421, 424–25 (7th Cir. 2006) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)). As plaintiff notes, under Illinois law, the claims of a minor are tolled until he reaches 18. 735 ILCS 5/13-211. Thus, plaintiff's claim was tolled until 2004. Nevertheless, absent another basis for tolling, plaintiff's claim was barred as of 2006. Plaintiff offers no other basis for the tolling of his fifth-amendment claim. Thus, the facts about his wrongful conviction that plaintiff pleads in his complaint establish that the statute of limitations has run on this claim. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate [at the Rule 12 stage] to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint.").

Count I is dismissed with prejudice as to Sexton because it is clear plaintiff cannot fix the claim's deficiencies.

B.  **Defendant City of Chicago's Motion to Dismiss**

Count VI of plaintiff's complaint seeks to hold the City of Chicago liable under *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978). Plaintiff attempts to plead the "widespread custom" type of *Monell* claim, s*ee Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th Cir. 2002), and he offers up five such customs, which in brief are (1) conducting coercive interrogations in order to get false confessions, (2) manipulating juveniles into falsely confessing, (3) giving false accounts of interrogations, (4) prosecuting on the basis of false confessions, and (5) failing to record interrogations. [1] ¶ 74.

To state a *Monell* claim, plaintiff must plead factual content that allows the reader to draw the reasonable inference that the City maintained the alleged policies. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (2011). Neither bald assertions that a policy exists, nor recitations of *Monell*'s legal elements, counts toward this required showing. *Id.* at 617. Here, plaintiff's *Monell* claim fails because his complaint's factual content does not reasonably allow for this inference. All the paragraphs in Count VI are the type the Seventh Circuit instructs district courts to ignore. And the remaining factual content concerns plaintiff's individual experience, which alone is not enough to support the necessary inference. The motion is therefore granted and the claim is dismissed without prejudice.

## IV. Conclusion

Defendant Brian Sexton's motion to dismiss [19] is granted in-part and denied in-part. As to Sexton, Count I is dismissed with prejudice. Defendant City of Chicago's motion to dismiss [15] is granted. Count VI is dismissed without prejudice.

ENTER:

Manish S. Shah
United States District Judge

Date: 9/15/15